UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

UNITED STATES OF AMERICA          CRIMINAL NO. 2:10-cr-0367

VERSUS                                            JUDGE HAIK

VINCENT EDWARD DAPRINCE          MAGISTRATE JUDGE HANNA


## MEMORANDUM  RULING


Pending before this Court is the defendant's letter motion for dismissal of his current counsel and substitution of new counsel.  (Rec. Doc. 31).  A hearing was held on June 27, 2011, before the undersigned Magistrate Judge, with regard to the pending motion.  Present in court were the defendant, Vincent Edward DaPrince, and his current counsel, Randal P. McCann.


## BACKGROUND INFORMATION

On December 14, 2010, the defendant was indicted on nineteen counts of food stamp fraud, two counts of wire fraud, and a forfeiture count.  (Rec. Doc. 1, 2)  He is currently detained awaiting trial and he is being defended by appointed counsel.  On June 13, 2011, the defendant filed a letter motion requesting that his current counsel, Mr. McCann, be dismissed and another attorney be assigned to replace him.

In his letter motion, the defendant alleges that his current attorney uses profanity; belittled and/or disrespected him; insulted his mobile convenience store by calling it a "chow wagon;" rarely accepts his telephone calls; does not return his telephone calls; and has misled and/or scared away two people who were willing to be the defendant's third-party custodian.

## DISCUSSION

The Sixth Amendment guarantees a criminal defendant the right to counsel in a criminal prosecution.  Generally, this means that the defendant has the right to choose and retain his own attorney.   However, the "right to counsel of  choice... is not absolute." *United States v. Gharbi*, 510 F.3d 550, 553 (5th Cir. 2007).  In *United States v. Breeland*, 53 F.3d 100, 106 n. 11 (5th Cir. 1995), the Fifth Circuit said:  "We have repeatedly held that the right to counsel guaranteed by the Sixth Amendment does not include the right to counsel of one's choice."   More recently, the court reiterated its conclusion, stating:  "Although an indigent criminal defendant has a right to be represented by counsel, he does not have a right to be represented by a particular lawyer, or to demand a different appointed lawyer except for good cause." United States v. Ramirez, 117 Fed. App'x 901, 902 (5th Cir. 2004), quoting *United States v. Young*, 482 F.2d 993, 995 (5th  Cir. 1973).

-2-

In this case, the reasons offered by Mr. DaPrince for seeking the substitution of counsel lack sufficient factual support to justify granting his motion.  Although Mr. McCann admitted using profanity in Mr. DaPrince's presence and referring to his business as a "chow wagon," Mr. Cann apologized at the hearing for using profanity and explained that his reference to a "chow wagon" was not meant to be disrespectful or demeaning.  The undersigned finds that Mr. McCann did not scare away the people who might have been willing to serve as Mr. DaPrince's third-party custodian, rather, he pointed out the obligations and responsibilities that they would have in that capacity, and the individuals voiced their reluctance to assume those obligations and responsibilities.

The undersigned further finds that the level of communication between Mr. McCann and the defendant has not deteriorated to the point that the representation cannot proceed.  The defendant complained he did not know of his court appearance, a representation that is doubtful under the circumstances. The record reflects that the defendant had a change of plea hearing scheduled, but the plea was not accepted and there is not a trial date scheduled.  There have been no other court appearances to which the defendant would be entitled to attend, and therefore, this contention is without merit.

In sum, the undersigned finds that there is no factual basis for concluding that Mr. McCann has provided legal services to Mr. DaPrince that fall "below an objective standard of reasonableness" as required by the Sixth Amendment and recognized in *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  Accordingly,

IT IS ORDERED that the defendant's letter motion (Rec. Doc. 31) is DENIED.

Thus done and signed this 29th day of June, 2011 at Lafayette, La.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)