UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA      CRIMINAL NO. 2:10-cr-00367
            CIVIL ACTION NO. 2:13-cv-00551

VERSUS             JUDGE HAIK

VINCENT E. DaPRINCE             MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

Pending before this Court is Vincent E. DaPrince's *pro se* motion, brought pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence (Rec. Doc. 154). This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. The respondent was served and has filed an answer as well as a memorandum in response to the motion. For the following reasons, it is recommended that the motion be DENIED.

## FACTUAL BACKGROUND

During an approximate two year time period from January 2009 through December 2010, DaPrince operated a mobile food service business out of his Chevrolet van in the Lake Charles, Louisiana area. He called the business "Da

Store/Dr. Restaurant."  In December 2010, DaPrince was indicted on food stamp fraud.

The federal government's Supplemental Nutrition Assistance Program ("SNAP") is colloquially known as "food stamps."  Electronic balance transfer ("EBT") cards are assigned to program beneficiaries.  Statutory restrictions are placed on the beneficiaries' use of these cards and on merchants' acceptance of the cards.

DaPrince was indicted in December 2010 and charged with engaging in fictitious transactions with customers whereby persons with SNAP cards would approach the van and ask for "a case of chicken."  DaPrince would understand those code words as requesting cash in exchange for SNAP benefits.  DaPrince would then electronically "swipe" the SNAP recipient's EBT card and give the recipient a portion of the amount charged against the card.  Meanwhile, the full amount "swiped" would be transferred from the federal government into DaPrince's bank account.  This scheme was detected when Secret Service and USDA agents acquired money from DaPrince in this same manner.

DaPrince was indicted[1] on thirty counts, including eleven counts of food stamp fraud under 7 U.S.C. § 2024(d), eight counts of food stamp fraud under 7 U.S.C. § 2024(c), eleven counts of wire fraud under 18 U.S.C. § 1343, and a forfeiture count.

---

[1]        Rec. Docs. 1, 2.

DaPrince pleaded not guilty to all counts at his arraignment on December 16, 2010. (Rec. Doc. 9).  DaPrince requested counsel (Rec. Doc. 10), and a federal public defender was appointed to represent him (Rec. Doc. 13).  A detention hearing was scheduled, and DaPrince was ordered detained pending the hearing.  (Rec. Doc. 14). The hearing was held, and DaPrince was ordered detained pending trial.  (Rec. Docs. 15, 17).

On May 17, 2011, DaPrince appeared before the district court judge for a change of plea hearing, but the court found that the plea was not acceptable and ordered the trial date to be reset.  (Rec. Doc. 29).  Instead, another change of plea hearing was held, and DaPrince pleaded guilty to Count 27 of the indictment before the magistrate judge, who recommended that the district judge accept the plea.  (Rec. Doc. 71, 74).  DaPrince then filed objections to the recommendation.  (Rec. Doc. 76). A hearing was held before the district judge on October 13, 2011, at which time the defendant voiced his request to withdraw his plea, and the plea was set aside.  (Rec. Doc. 80).

DaPrince filed a motion to substitute counsel, which was granted, and Arthur L. Harris, Sr. replaced Randall P. McCann as his counsel.  (Rec. Doc. 94).

Instead of proceeding to trial, however, DaPrince again agreed to plead.  (Rec. Doc. 118).  A change of plea hearing was held on April 19, 2012 and the trial court

judge accepted DaPrince's plea of guilty to Counts 18 and 27.  (Rec. Doc. 117).  The remaining counts of the indictment were dropped.  (Rec. Doc. 146).

Although he was represented by counsel throughout this litigation, DaPrince filed various motions *pro se*, some of which were denied (Rec. Doc. 122), and some of which the Clerk of Court returned to him.  (Rec. Docs. 128, 129, 130).

On September 11, 2012, DaPrince was sentenced to serve 51 months in prison for Count 18, and he was ordered to serve 51 months in prison for Count 27, with the sentences to run concurrently.  (Rec. Doc. 143).  He was also sentenced to serve three years of supervised release on each count, to run concurrently, following the term of imprisonment, and to perform fifty hours of community service within the first twelve months of supervised release.  (Rec. Doc. 143).  Additional conditions were also imposed.  (Rec. Doc. 143).

The day after he was sentenced, DaPrince prepared a motion for reconsideration of sentencing (Rec. Doc. 147), in which he objected to his sentence and argued that he did not agree that the amount of loss was $1,289,513.87.  He claimed that the actual amount of loss was that figure less $900,000 in legal food stamp sales, requiring a four level reduction for sentencing purposes.  The motion was returned to him because it was filed by DaPrince personally rather than by his counsel.  (Rec. Doc. 151).

Da Prince did not appeal his sentence or conviction, but he now challenges the voluntariness of his guilty plea and asserts three additional claims of ineffective assistance of counsel.  (Rec. Doc. 154).

## ANALYSIS

DaPrince seeks to vacate, set aside, or correct his sentence.  In his motion, he contends, first, that his guilty plea was not voluntary because he was allegedly instructed by his counsel to sign the plea agreement then contest the amount of loss after the presentence investigative report was prepared even though he disagreed with the amount of loss set forth in the documents comprising the plea package.  Second, he contends that his counsel was ineffective with regard to his sentencing, and he posits three reasons in support of this contention:  (a) that his attorney failed to demand an evidentiary hearing concerning the total amount of loss; (b) that his attorney failed to dispute the enhancement of DaPrince's sentence for abuse of trust; and (c) that his attorney failed to demand an evidentiary hearing to restrict the calculation of the amount of loss to transactions of $100 or more.  The government also interprets DaPrince's argument concerning the voluntariness of his plea as an ineffectiveness of counsel claim, and the undersigned finds that this is a reasonable interpretation.  Each of the four claims will be analyzed in turn.

## I.   STANDARD FOR DECIDING AN INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

The Sixth Amendment guarantees criminal defendants the "right to effective assistance of counsel at every critical stage of the proceedings against them."[2]  When a defendant collaterally attacks his conviction or sentence based on the effectiveness of his counsel, he has the burden of proving by a preponderance of the evidence that his constitutional rights have been violated.[3]  The right to effective counsel "is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense."[4]

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate:  (1) that his attorney's representation was deficient because it fell below an objective standard of reasonableness; and (2) that the attorney's deficient performance prejudiced the defendant.[5]   The defendant bears the burden of establishing both prongs of the test, and failure to establish either prong is fatal to the

---

[2]    *Burdine v. Johnson*, 262 F.3d 336, 344 (5th Cir. 2001).

[3]    *Johnson v. Zerbst*, 304 U.S. 458, 469 (1938); *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995); *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976).

[4]    *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003).

[5]    *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  See, also, *United States v. Franks*, 230 F.3d 811, 813 (5th Cir. 2000); *United States v. Garcia*, 77 F.3d 857, 859 (5th Cir. 1996).

claim.[6]  The parts of the test need not be analyzed in any particular order, and there is no need to consider the remaining part once an insufficient showing has been made concerning the other one.[7]

In analyzing the professional competence part of the test, judicial scrutiny of an attorney's performance must be "highly deferential," and the court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's alleged conduct, and to evaluate the conduct from counsel's perspective at the time."[8]  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[9]

To satisfy the prejudice part of the test, the defendant must demonstrate that his attorney's actions or inactions were "so serious as to render the proceedings unreliable and fundamentally unfair."[10]  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding

---

[6]    *United States v. Franks*, 230 F.3d at 813; *Tucker v. Washington*, 115 F.3d 276, 280 (5th Cir. 1997).

[7]    *Goodwin v. Johnson*, 132 F.3d 162, 173 at n. 6 (5th Cir. 1998).

[8]    *Strickland v. Washington*, 466 U.S. at 689.

[9]    *Strickland v. Washington*, 466 U.S. at 689.

[10]    *United States v. Patten*, 40 F.3d 774, 777 (5th Cir. 1994).  See, also, *United States v. Saenz-Forero*, 27 F.3d 1016, 1021 (5th Cir. 1994), citing *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

if the error did not prejudice the defense."[11]  Prejudice is demonstrated only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."[12]

A petitioner's allegations of ineffective assistance of counsel must be supported by the record,[13] and bald, conclusory allegations are insufficient.[14]

## II.   THE GUILTY PLEA

It is undisputed that DaPrince pleaded guilty to Counts 18 and 27 of the indictment.  (Rec. Doc. 146).  "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review."[15]  DaPrince argues, however, that his plea was not

---

[11]     *Ricalday v. Procunier*, 736 F.2d 203, 208 (5th Cir. 1984).

[12]     *Strickland v. Washington*, 466 U.S. at 694.

[13]     *United States v. Johnson*, 679 F.2d 54, 58 (5th Cir. 1982).

[14]     *United States v. Demik*, 489 F.3d 644, 646-47 (5th Cir. 2007); *Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001); *United States v. Flores*, 135 F.3d 1000, 1006-07 (5th Cir. 1998).

[15]     *Deville v. Whitley*, 21 F.3d 654, 656 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 436 (1994), quoting *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980), *modified on other grounds*, 646 F.2d 902 (5th Cir.), *cert. denied*, 454 U.S. 840 (1981).

voluntary because he was coerced by his attorney to proceed with pleading guilty then object to the total loss figure set forth in the presentence investigative report rather than refusing to plead guilty unless the total loss figure was reduced in the plea package.

By entering a voluntary guilty plea, a defendant waives all nonjurisdictional defects in the proceedings, including claims of ineffective assistance of counsel except to the extent that his counsel's ineffectiveness allegedly rendered the guilty plea involuntary.[16]  DaPrince must prove both that his trial counsel's performance was objectively unreasonable when measured against prevailing professional norms and also that he was prejudiced by his trial counsel's actions or omissions.[17]  To prove that he was prejudiced by the alleged ineffectiveness of his trial counsel with regard to his entry of guilty plea, a *habeas* petitioner such as DaPrince must demonstrate that there is a reasonable probability that, but for his trial counsel's errors, he would not have pleaded guilty and would, instead, have insisted on going to trial.[18]

---

[16]     *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000), citing *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991).

[17]     *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

[18]     *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008); *Bond v. Dretke*, 384 F.3d 166, 167-68 (5th Cir. 2004); *Hill v. Lockhart*, 474 U.S. at 59.

When a defendant appears in open court and engages in a plea colloquy with the court, the defendant's attestations regarding voluntariness are not an absolute bar to his later asserting a claim that the plea was coerced, but the defendant faces a heavy burden in proving that he is entitled to relief because the testimony in open court carries a strong presumption of verity.[19]  In this case, the plea colloquy has not been transcribed; however, in addition to the testimony given at the change-of-plea hearing, DaPrince signed a written plea agreement[20] and an affidavit of understanding of maximum penalty.[21]  Like testimony given in open court, these documents must be accorded great evidentiary weight.[22]   Here, the signed documents support the conclusion that DaPrince's plea was voluntary.  Even when a defendant's trial counsel renders totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary.[23]   The voluntariness of a plea

---

[19]     *DeVille v. Whitley*, 21 F.3d at 659, citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

[20]     Rec. Doc. 26.

[21]     Rec. Doc. 27.

[22]     *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

[23]     *DeVille v. Whitley*, 21 F.3d at 659, citing *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984), and *Diaz v. Martin*, 718 F.2d 1372, 1379 (5th Cir. 1983).

can be demonstrated by showing that the defendant understood the charge and the consequences that would befall him should he plead guilty.[24]

The written plea agreement (Rec. Doc. 118) and the written affidavit of understanding of maximum penalty (Rec. Doc. 118-1) both support the conclusion that DaPrince voluntarily pleaded guilty. They indicate that he understood the charges against him, understood the consequences that might befall him, and made the plea freely. He has presented no evidence to support his claim that his plea was induced by his counsel's alleged advice that he plead without objecting to the total amount of loss figure.

In signing the plea agreement, DaPrince indicated that he understood that the maximum punishment on Count 18 was a five-year term of imprisonment and that the maximum punishment on Count 27 was a twenty-year term of imprisonment. (Rec. Doc. 118 at 4). DaPrince's signature on the plea agreement also signalled his understanding that the judge alone would decide on the sentence and the failure of the court to adhere to a sentencing recommendation from DaPrince's attorney would not be a basis for setting aside the guilty plea. (Rec. Doc. 118 at 6). Additionally, his signature on this document certified that "I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and

---

[24]    *DeVille v. Whitley*, 21 F.3d at 657.

agree to it *without reservation*.  I do this *voluntarily* and of my own free will.   No threats have been made to me,. . . ."  (Rec. Doc. 118 at 8)(emphasis added).

A separate document setting forth his understanding of the maximum penalty and constitutional rights was also signed by DaPrince.  (Rec. Doc. 118-1).  This document states that the maximum penalty for Count 18 is five years in prison and that the maximum penalty for Count 27 is not more than twenty years in prison.  In signing this form, DaPrince attested "that my plea in this matter is free and voluntary, and . . . has been made without any threats or inducements whatsoever . . . the only reason I am pleading guilty is that I am in fact guilty as charged."  (Rec. Doc. 118-1 at 2).

Perhaps more important, these documents also afforded DaPrince an opportunity to indicate whether he was satisfied with his attorney's performance.  In the plea agreement, DaPrince affirmed that "I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case."  (Rec. Doc. 118 at 9).

The only evidence supporting DaPrince's claim that he was pressured by his attorney to plead even though he objected to the total loss figure is DaPrince's own self-serving allegation in his motion.   That is insufficient to overcome the presumption of verity that must be afforded his plea agreement and affidavit.  Any

-12-

documents signed by the defendant in connection with a guilty plea are entitled to "great evidentiary weight,"[25] and the undersigned cannot accept DaPrince's belated attempt to disavow the accuracy and truthfulness of the statements set forth in the plea agreement and affidavit.  The undersigned finds that DaPrince has not proven that his counsel's conduct fell below an objective standard of reasonableness or that he would not have pleaded guilty at the third change-of-plea hearing had his attorney's performance been different.  In sum, the undersigned finds that this issue lacks merit.

## II.   THE SENTENCE

DaPrince articulated two distinct claims with regard to his sentence.  The first has to do with the total amount of loss and the second concerns an enhancement for abuse of trust.

### A.   THE TOTAL AMOUNT OF LOSS

DaPrince claims that his attorney provided ineffective assistance by failing to demand an evidentiary hearing to dispute the total amount of loss attributed to his criminal scheme and to determine the proper amount of loss.  He claims that the total

---

[25]     *United States v. Abreo*, 30 F.3d at 32.

amount of loss should be less than the $1,289,513.87 shown in the presentence investigation report and less than the $1 million figure that he stipulated to because that number represents his total sales for the relevant time period, and not all sales were fraudulent.  He argues that the total amount of loss should be calculated based only on sales in amounts over $100, yielding a total loss figure of approximately $800,000.00.  He also argues that the amount of money involved in the counts of the indictment that he pleaded guilty to was significantly less than $1 million.  The figure shown in the indictment for Count 18 was $338,236.16 and for Count 27 was $807.12, for a total of $339,043.28.  In summary, his contention is that his sentence should have been shorter because the actual amount of total loss was less than shown in the indictment, the stipulated factual basis for his plea, and the presentence investigative report, justifying a reduction in the sixteen-point enhancement for loss exceeding $ 1 million.  This argument lacks merit.

To show that his attorney's performance was prejudicial, DaPrince must demonstrate that his counsel's error led to an increase in the length of imprisonment.[26] The presentence investigation report shows that the base offense level of 7 was increased by 16 points because the amount of total loss exceeded $1 million.  (Rec.

---

[26]     *United States v. Herrera*, 412 F.3d 577, 581 (5th Cir. 2005); *United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004).

Doc. 142 at 9-10).   DaPrince's counsel filed a written objection to this amount, arguing that only those transactions of $100.00 or more should be considered in calculating the total loss and further arguing that the amount of legitimate sales should be subtracted from the total sales amount to derive the actual amount of loss. (Rec. Doc. 140).   Although his counsel did not request an evidentiary hearing as DaPrince now says he should have, it is undisputed that an objection was made.   In his statement of reasons for imposing sentence, the trial court judge acknowledged this objection but rejected it, noting that DaPrince stipulated in the factual basis for his guilty plea that the amount of loss was more than $1 million.  (Rec. Doc. 144 at 3).

A review of the stipulated factual basis confirms the judge's finding.   After describing the scheme that DaPrince employed, the document says:  "Through the process detailed in the Indictment, the defendant caused more than $1,000,000.00 in U.S. funds from the Federal Government in the form of United States Department of Agriculture funds to be deposited into his. . . bank account. . . ."  (Rec. Doc. 118-3 at 2).

As with the documents discussed above, the stipulated factual basis for the plea carries a strong presumption of verity.[27]   DaPrince argues that he has evidence to

---

[27]      *DeVille v. Whitley*, 21 F.3d at 659, citing *Blackledge v. Allison*, 431 U.S. at 74.

show that his calculation of the actual amount of loss is correct.  But he does not describe that evidence or show that he ever gave that evidence to his attorney. Accordingly, he cannot demonstrate that an evidentiary hearing would have made any difference.  An attorney is not ineffective for failing to raise meritless claims,[28] press frivolous points,[29] or file meritless motions.[30]  DaPrince could have been sentenced to twenty years in prison, and he has presented no evidence showing that his fifty-one month sentence was longer than it would have been had his counsel demanded an evidentiary hearing regarding the amount of loss.

Accordingly, the undersigned finds that DaPrince has not proven that his counsel's conduct fell below an objective standard of reasonableness or that his sentence would have been shorter if his attorney had done what DaPrince now thinks he should have done.  This claim lacks merit.


### B.   ABUSE OF TRUST

Finally, DaPrince argues that his attorney was ineffective for failing to contest a two-point enhancement of his sentence for abuse of trust.  In his statement of

---

[28]   *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990).

[29]   *Sones v. Hargett*, 61 F.3d 410, 415 n. 5 (5th Cir. 1995).

[30]   *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

reasons for imposing sentence, the trial court judge noted that he agreed that a retailer authorized to participate in the SNAP program is in a position of trust and that fraud perpetrated by the defendant was an abuse of trust, properly justifying a two-level enhancement.   (Rec. Doc. 144 at 2).   This ruling is consistent with relevant jurisprudence.[31]

DaPrince has failed to prove that his attorney was ineffective for failing to raise what would have been an unsuccessful objection to the abuse of trust enhancement. As stated previously, An attorney is not ineffective for failing to raise a meritless claim,[32] press a frivolous point,[33] or file a meritless motions.[34]   Therefore, the undersigned finds that DaPrince's counsel was not ineffective for failure to object to the abuse of trust enhancement.   This claim lacks merit.

## Conclusion

For the reasons stated above,

---

[31]      *United States v. Kasi*, 348 Fed. App'x 689, 693 (2nd Cir. 2009); *United States v. Sarsour*, 271 Fed. App'x 923, 028 (11th Cir. 2008).

[32]      *Smith v. Puckett*, 907 F.2d at 585 n. 6.

[33]      *Sones v. Hargett*, 61 F.3d at 415 n. 5.

[34]      *United States v. Gibson*, 55 F.3d at 179.

**IT IS RECOMMENDED** that DaPrince's motion to vacate, set aside, or correct his sentence (Rec. Doc. 112) be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this report and recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 22nd day of July 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

-18-